ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI (DJ 2025-063B)

| UNIVERSIDAD CENTRAL DE BAYAMÓN, Recurrida, v. KEVIN CABRAL MESTRE, Peticionaria. | TA2026CE00608 | *CERTIORARI* procedente del Tribunal de Primera Instancia, Sala Superior de Toa Baja. Civil núm.: TV2025CV00425. Sobre: cobro de dinero. |
|---|---|---|

Panel integrado por su presidenta, la jueza Romero García, el juez Monge Gómez y la jueza Prats Palerm.

Romero García, jueza ponente.

RESOLUCIÓN

En San Juan, Puerto Rico, a 27 de mayo de 2026.

El escrito de *certitorari* en el caso del título fue presentado por el señor Kevin Cabral Mestre el 14 de mayo de 2026. En él, el señor Cabral Mestre solicita que revoquemos las *Órdenes* emitidas por el Tribunal de Primera Instancia, Sala Superior de Toa Baja, el 17 de noviembre de 2025[1], y el 14 de abril de 2026[2]. En la primera, el foro primario ordenó la ejecución de la sentencia en cobro de dinero, por lo que la Secretaría libró el correspondiente mandamiento. En cuanto a la segunda orden, el tribunal declaró sin lugar la solicitud de relevo de orden y de mandamiento presentada por el peticionario.

Examinado el recurso, así como la oposición a su expedición presentada por la parte recurrida el 26 de mayo de 2026, este Tribunal deniega la expedición del auto.

I

El 6 de julio de 2025, la Universidad Central de Bayamón presentó una demanda en cobro de dinero contra el señor Cabral Mestre[3] al amparo

---

[1] Notificada del 18 de noviembre de 2025.

[2] Notificada el 15 de abril de 2026.

[3] Entrada 1 del *Sistema Unificado de Manejo y Administración de Casos* del Tribunal de Primera Instancia (SUMAC TPI).

de la Regla 60 de Procedimiento Civil, 32 LPRA Ap. V. En síntesis, la Universidad alegó que, al momento de presentar la demanda, el peticionario adeudaba $1,896.62, por concepto del incumplimiento con los pagos de sus estudios universitarios, a saber: los derechos y los costos de matrícula. Adujo que la deuda estaba vencida, y era líquida y exigible. Por ello, requirió del foro primario que ordenara su pago, más los intereses, las costas, los gastos y los honorarios de abogado.

El 11 de agosto de 2025, el foro primario celebró una vista, a la cual comparecieron las partes litigantes. En ella, el peticionario, quien compareció por derecho propio, reconoció de manera libre y voluntaria y bajo juramento la deuda reclamada.

El 13 de agosto de 2025, el Tribunal de Primera Instancia emitió la *Sentencia* objeto de este recurso, en la cual declaró con lugar la demanda e impuso el pago $663.82 por concepto de honorarios de abogado a favor de la parte recurrida[4].

Posteriormente, el 14 de noviembre de 2025, la Universidad Central de Bayamón solicitó la ejecución de la *Sentencia*[5]. Señaló que el aludido dictamen había advenido final y firme, sin que el señor Cabral Mestre hubiera satisfecho lo adeudado. Por tal motivo, requirió del foro primario que ordenara la ejecución de la *Sentencia* con el fin de embargar bienes suficientes del peticionario para satisfacer la deuda.

El 17 de noviembre de 2025, notificada al día siguiente, el tribunal ordenó la ejecución de la *Sentencia*[6]. A tales efectos, el 18 de noviembre de 2025, la Secretaría de dicho foro libró el correspondiente mandamiento[7].

El 20 de febrero de 2026, el señor Cabral Mestre presentó una *Urgente moción de relevo de orden y mandamiento de ejecución de sentencia por violación al debido proceso de ley y embargo ilegal*[8]. Planteó

---

[4] Entrada 5 SUMAC TPI.

[5] Entrada 9 SUMAC TPI.

[6] Entrada 10 SUMAC TPI.

[7] Entrada 11 SUMAC TPI.

[8] Entrada 12 SUMAC TPI.

que la solicitud de ejecución de sentencia, la *Orden* y el *Mandamiento de Ejecución de Sentencia* no le fueron notificados, a pesar de que el peticionario nunca ha estado en rebeldía. Adujo que, según la Regla 67.1 de Procedimiento Civil, 32 LPRA Ap. V, una parte que presente un escrito deberá notificar el mismo a todas las demás partes el mismo día de su presentación. Por último, solicitó que se dejara sin efecto la *Orden* y el *Mandamiento de Ejecución de Sentencia*; que se emitiera una orden para que el banco liberara los fondos embargados; y que se condenara a la parte recurrida al pago de daños por concepto del presunto embargo ilegal.

Por su parte, la Universidad Central de Bayamón presentó una *Moción en cumplimiento de orden y en oposición a solicitud de relevo de orden*[9]. En resumen, planteó que había llevado a cabo el proceso de ejecución de la sentencia dentro de los cinco años de esta haber advenido final y firme, por lo cual no venía obligada a notificar al peticionario de la *Orden* y el *Mandamiento de Ejecución*.

Luego de varias incidencias procesales, el 14 de abril de 2026[10], el foro primario declaró sin lugar la solicitud de relevo presentada por el peticionario[11]. Inconforme con el referido dictamen, el señor Cabral Mestre presentó este recurso y formuló el siguiente señalamiento de error:

> El TPI erró al no conceder el relevo de orden y mandamiento de ejecución a pesar de ser nulos por haberse dictado en violación al debido proceso de ley del apelante [*sic*].

(Énfasis omitido).

El 26 de mayo de 2026, la parte recurrida presentó su oposición a la expedición del recurso. Así pues, con el beneficio de la comparecencia de las partes litigantes, resolvemos.

A

Distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya

---

[9] Entrada 18 SUMAC TPI.

[10] Notificada el 15 de abril de 2026.

[11] Entrada 29 SUMAC TPI.

sea expidiendo el auto o denegándolo. *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005). Así pues, el *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos". *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).

Ahora bien, la discreción para entender en el recurso de *certiorari* no se ejerce en el vacío. La Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional; a decir:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

*In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 141, pág. 63, 216 DPR __ (2025).

Cual reiterado, este Tribunal no habrá de intervenir con el ejercicio de la discreción del Tribunal de Primera Instancia, salvo en "un craso abuso de discreción, o que el tribunal [haya actuado] con prejuicio y parcialidad, o que se [haya equivocado] en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que nuestra intervención en esa etapa evitará un perjuicio sustancial." *Lluch v. España Service,* 117 DPR 729, 745 (1986).

B

"Las Reglas de Procedimiento Civil han creado un mecanismo sencillo y eficaz con el fin de garantizarle a aquellos acreedores dinerarios, así reconocidos por sentencia firme, que podrán satisfacer la acreencia a la que tienen derecho según se dispuso en el dictamen judicial". *Véase*, opinión disidente de la Jueza Asociada Señora Rodríguez Rodríguez, a la que se unió el Juez Presidente Señor Hernández Denton, en *Komodidad Dist. v. S.L.G. Sánchez, Doe*, 180 DPR 167, 176 (2010) (Sentencia). Asimismo, "[l]a ejecución de una sentencia es un mecanismo suplementario que tiene disponible aquel litigante vencedor que desea satisfacer el dictamen final y firme que ha obtenido, [...]. *Íd*, a la pág. 171.

El procedimiento de ejecución de sentencia está regulado por la Regla 51.1 de las de Procedimiento Civil, 32 LPRA Ap. V, que dispone lo siguiente:

> **La parte a cuyo favor se dicte sentencia podrá ejecutarla mediante el procedimiento fijado en esta Regla 51, en cualquier tiempo dentro de cinco (5) años de ésta ser firme. Expirado dicho término, la sentencia podrá ejecutarse mediante autorización del tribunal, a moción de parte y previa notificación a todas las partes.** Si después de registrada la sentencia se suspende su ejecución por una orden o sentencia del tribunal, o por efecto de ley, el tiempo durante el cual ha sido suspendida dicha ejecución deberá excluirse del cómputo de los cinco (5) años durante los cuales podrá expedirse el mandamiento de ejecución.

(Énfasis nuestro).

A tales efectos, es necesario recurrir a la ejecución de una sentencia cuando la parte obligada incumple con sus términos. *Mun. de San Juan v. Prof. Research,* 171 DPR 219, 247-248 (2007). Por lo tanto, cuando la ejecución de la sentencia verse sobre el cobro de dinero, la Regla 51.2 de las de Procedimiento Civil, 32 LPRA Ap. V, dispone lo siguiente:

> **El procedimiento para ejecutar una sentencia u orden para el pago de una suma de dinero y para recobrar las costas concedidas por el tribunal será mediante un mandamiento de ejecución. El mandamiento de ejecución especificará los términos de la sentencia y la cantidad pendiente de pago.** Todo mandamiento de ejecución será dirigido al alguacil o alguacila para ser entregado a la parte interesada. En todo caso de ejecución, incluso aquellos en los que se realice una venta judicial, el alguacil o alguacila entregará al Secretario o la Secretaria el

>mandamiento debidamente diligenciado y cualquier sobrante que tenga en su poder dentro del término de quince (15) días a partir de la fecha en que se realice la ejecución.

(Énfasis nuestro).

En este sentido, el Tribunal Supremo de Puerto Rico ha expresado que "el procedimiento de ejecucion de sentencia en casos de cobro de dinero se divide en dos etapas: en la primera, el promovente de la ejecución procura obtener el mandamiento de ejecucion de la secretaría del tribunal y en la segunda, gestiona su diligenciamiento por el alguacil". *BPPR v. SLG Gómez-López*, 213 DPR 314, 331 (2023). Así, emitido el mandamiento dirigido al alguacil, este lo diligencia incautando fondos del deudor por sentencia o embargando sus bienes muebles o inmuebles. *Íd.*

Ahora bien, aunque el acreedor de una sentencia tiene la facultad de exigir su cumplimiento, el término para ello no es indefinido. Nuestro ordenamiento jurídico ha establecido un término de 5 años, desde el dictamen de la sentencia, para ejecutar la misma sin la previa autorización del tribunal[12]. Luego de expirado el término de los 5 años, la sentencia puede ser ejecutada mediando la autorización del tribunal y la debida notificación a las partes.

Por consiguiente, "la parte que obtenga una sentencia a su favor puede hacerla efectiva en cualquier momento dentro de los cinco años de que ésta advenga final y firme, sin tener que presentar moción al Tribunal ni notificar a la parte contraria". *Komodidad Dist. v. S.L.G. Sánchez, Doe*, 180 DPR , a la pág. 172. Esto tiene el fin de que la notificación de la ejecución en este período no favorezca al deudor y frustre el propósito del mandato de ejecución. Además, tiene la finalidad de evitar que el deudor tenga la oportunidad de esconder o transferir propiedades para incumplir con su obligación. *Avilés Vega v. Torres*, 97 DPR 144, 149 (1969). Véase, además, *Figueroa v. Banco de San Juan*, 108 DPR 680, 690 (1979). "De manera que sólo cuando expira el término de cinco años es que se requiere autorización del Tribunal para la ejecución de la sentencia, previa moción

---

[12] *Véase*, Regla 51.1 de las de Procedimiento Civil, 32 LPRA Ap. V.

de parte y notificación a todas las partes". *Komodidad Dist. v. S.L.G. Sánchez, Doe*, 180 DPR , a la pág. 172. (Citas omitidas).

III

La parte peticionaria sostiene que el foro primario erró al denegar su solicitud de relevo de orden de ejecución de sentencia y del correspondiente mandamiento, a pesar de que estos resultaban nulos por haberse dictado en violación a su derecho a un debido proceso de ley.

Como puede observarse, el **13 de agosto de 2025**, el Tribunal de Primera Instancia declaró con lugar la demanda sobre cobro de dinero concerniente a la suma de $1,896.62, e impuso el pago $663.82 por concepto de honorarios de abogado. Tras varios intentos para recobrar lo adeudado, el **14 de noviembre de 2025**, la parte recurrida solicitó la ejecución de la *Sentencia.* Luego, el 17 de noviembre de 2025, el foro *a quo* ordenó su ejecución y, el 18 de noviembre de 2025, se libró el mandamiento por la Secretaría de dicho foro.

Es evidente, pues, que la parte recurrida solicitó la ejecución de la *Sentencia* dentro del término de cinco años dispuesto en la Regla 51.1 de las de Procedimiento Civil, 32 LPRA Ap. V. Debemos recordar que, tal como sucedió en el caso de autos, quien obtiene una sentencia a su favor puede hacerla efectiva en cualquier momento dentro de los cinco años de que esta advenga final y firme, **sin que sea necesario** presentar una moción al tribunal ni **notificar a la parte contraria**. *Komodidad Dist. v. S.L.G. Sánchez, Doe*, 180 DPR , a la pág. 172.

Evaluada la petición de *certiorari*, así como el tracto procesal del caso ante el foro primario, a la luz del derecho aplicable, este Tribunal concluye que la parte peticionaria no logró establecer que el foro primario hubiera incurrido en error alguno, que justifique nuestra intervención en esta etapa de los procedimientos. Afirmamos que, en cuanto a este último asunto, no concurren los criterios establecidos en la Regla 40 de este Tribunal para expedir el auto de *certiorari*. Por tanto, procede denegar su expedición.

IV

A la luz de los fundamentos antes expuestos, este Tribunal deniega la expedición del recurso de *certiorari*.

Notifíquese.

Lo acordó el Tribunal y lo certifica la secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones